Chief Justice Robertson,
delivered the opinion of the court.
The only question presented in this case is, whether a wife is entitled to dower, after her husband’s death, in land which he had sold, and obliged himself by bond, to convey before his marriage, and for a conveyance of which, the obligee obtains a decree against his heirs.
The heirs of Rebecca Dean obtained a decree for a conveyance of fifty acres of land against the heirs of T. Mitchell, upon a deed or bond (it is not clearly shown which) to their mother, by T. F. Mitchell, one of the heirs of T. Mitchell.
Partition had been made among the heirs of T. Mitchell, but deeds of partition had not been made.: And onthe petition of the widow of T. F. Mitchell, in her answer, in the nature of a cross bill, the circuit court decreed that she was entitled to dower in the fifty acres.
We cannot concur with the circuit court. If T. F. Mitchell had not the sole legal title to the fifty acres, his wife would not be entitled to dower in the whole of it. If he held only an equity in the fifty acres, having passed away that before-his marriage, his wife would have no right to dower in any of it. If he had the legal title, and conveyed it to Rebecca Dean, before his marriage, his wife never acquired any interest in it.
If he held the legal title and gave a bond to Mrs.. Dean for the conveyance of it to ber, he held the title to her use, and was no longer beneficially seized, as long as she claime.d and was entitled to a specific execution. If she or her representatives had elected to take, and *452 had received damages in lieu of the title, the beneficia» interest in the land woul 1 ipso facto, have been re-vested T. F. Mitchell,by relation, up to date of the bond; and then his wife would be entitled to dower. But as the. contract for a title is to be enforced specifically, those who hold the title, must be con idored as holding it in trust for the benefit of those entitled to it. This trust existed when T. F. Mitchell married. And, therefore, as he has never been, since his marriage, beneficially seized, but held only as trustee, his v. ife has no right to dower; and this principle has been heretofore established by this court, in the case of Stevens and wife vs. Smith, decided at the last term.
Denny, for plaintiffs; Bibb, for defendants.
Wherefore, the decree for dower, is reversed.